UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
STATE OF NEW YORK,                                      :    7:05-cv-02186 (SCR)(LS)
                                                        :
           Plaintiff,                                  :
                                                        :
    -against-                                          :
                                                        :
AMETEK, INC., and M. ARGUESO & CO., INC.,               :
                                                        :
           Defendants.                                 :
---------------------------------------------------------------X
AMETEK, INC.,                                           :
                                                        :
           Third-Party Plaintiff,                      :
                                                        :
    -against-                                          :
                                                        :
VILLAGE OF MAMARONECK, AMERCHOL                         :
CORPORATION, ITT CORPORATION,                           :
GUARDAIR CORPORATION, MARVAL                            :
INDUSTRIES, INC., and METAGLO, INC.,                    :
                                                        :
           Third-Party Defendants.                     :
---------------------------------------------------------------X

## AMENDED CONSENT DECREE

    Plaintiff the State of New York (the "State"), Defendants Ametek, Inc. ("Ametek") and M. Argueso & Co., Inc. ("Argueso"), and Third-Party Defendants Amerchol Corporation, ("Amerchol"), ITT Corporation ("ITT") Guardair Corporation ("Guardair"), and Marval Industries, Inc. ("Marval") (Ametek, Argueso, Amerchol, ITT, Guardair and Marval are collectively referred to herein as the "Settling Defendants") hereby agree as follows:

    **WHEREAS**, the State has filed a Complaint alleging that Defendants Ametek and Argueso either arranged for the disposal of hazardous substances at, or transported hazardous

substances to, the Mamaroneck Taylor's Lane Compost Site located on Taylor's Lane in the Village of Mamaroneck, Westchester County, New York (the "Site");

**WHEREAS**, Defendants Ametek and Argueso deny the State's allegations;

**WHEREAS**, the Third-Party Defendant Village of Mamaroneck (the "Village") operated a municipal landfill on the Site from the 1950's until at least the 1970's, and received municipal solid waste, commercial waste, and industrial waste at the Site;

**WHEREAS**, pursuant to Environmental Conservation Law (ECL) § 27-1305, the Site is listed in the New York State Registry of Inactive Hazardous Waste Disposal Sites as Site No. 360021;

**WHEREAS**, the Village and the New York State Department of Environmental Conservation ("NYSDEC") entered an Administrative Order on Consent, requiring investigative, removal, remedial and response measures at the Site, as those terms are defined or used in the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") Sections 101(23), 101(24), 101(25), 104(d) and 107(a), 42 U.S.C. §§ 9601(23), 9601(24), 9601(25), 9604(d), and 9607(a) (said measures hereafter referred to as "Response Measures"), which the State contends were undertaken in accordance with the National Contingency Plan for the Removal of Oil and Hazardous Substances, 40 C.F.R. Part 300 (the "NCP");

**WHEREAS**, NYSDEC and the Village entered into a State Assistance Contract (No. C300083), pursuant to the Environmental Quality Bond Act of 1986, whereby the State agreed to reimburse the Village for 75% of the eligible costs of investigation, remedial design, construction of the remedial action and construction oversight to be incurred by the Village at the Site;

**WHEREAS**, NYSDEC has made reimbursements to the Village pursuant to such agreement in an amount in excess of $1,800,000, and the State alleges that it has incurred other response costs, including interest and enforcement costs at the Site;

**WHEREAS**, Defendant Ametek filed an Amended Third-Party Complaint alleging that the Village, Amerchol, ITT, Guardair, Marval and other parties generated, and arranged for the disposal of hazardous substances at the Site; and said parties deny Ametek's allegations;

**WHEREAS**, Defendant Argueso has filed a cross-claim for contribution and indemnification from co-defendant Ametek and claims against the third-party defendants identified in Ametek's Amended Third Party Complaint on the grounds and to the extent that they generated and/or arranged for the disposal of hazardous substances at the Site;

**WHEREAS**, the State filed a motion seeking leave to file an amended complaint (the "Amended Complaint") adding Amerchol as a defendant on the grounds that it generated and/or arranged for the disposal of hazardous substances at the Site;

**WHEREAS**, the Court granted the State's Motion to file the Amended Complaint;

**WHEREAS**, the State, the Village, Ametek, Argueso and Amerchol filed a Consent Decree ("Decree");

**WHEREAS**, the Court approved the Decree by Order dated April 23, 2008;

**WHEREAS**, the State has filed a motion seeking leave to file a Second Amended Complaint (the "Second Amended Complaint") adding ITT, Guardair and Marval as defendants on the ground that they generated and/or arranged for the disposal of hazardous substances at the Site; and said defendants deny the State's allegations;

**WHEREAS**, the State, the Village and the Settling Defendants (collectively referred to herein as the "Parties") desire to fully and finally resolve all claims that could now or hereafter be asserted by the Parties with respect to the matters covered herein without the necessity or further expense of prolonged and complex litigation, and without admission, adjudication or determination of any issue of fact or law, and the State has determined that settlement of its claims against the Settling Defendants in accordance with the terms set forth below is practicable and in the best interest of the public;

**WHEREAS**, the Parties agree that this Amended Consent Decree ("Amended Decree") represents a good faith compromise of disputed claims and that the compromise is fair, reasonable, in the public interest and in furtherance of the statutory goals of CERCLA and the goals of common law;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Court has jurisdiction over the subject matter and the Parties to the action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b).

2. This Amended Decree shall apply to and be binding upon the State, its departments, agencies, and instrumentalities, the Village and each of the Settling Defendants. Each signatory to this Amended Decree represents that he or she is fully authorized to enter into the terms and conditions of this Amended Decree and to bind the party represented by her or him. Any change in governance, ownership or corporate status of a Settling Defendant including, but not limited to, any transfer of assets or real or personal property shall in no way alter such Settling Defendant's rights or responsibilities under this Amended Decree.

3.   Neither this Amended Decree, nor any terms thereof, nor the entry into this Amended Decree, nor performance of the terms thereof, by any of the Settling Defendants or the Village shall constitute or be construed as an admission or acknowledgment by any of the Settling Defendants or the Village of the factual or legal assertions contained in the Complaint, the Amended Complaint, the Second Amended Complaint, the Third-Party Complaint, the Decree, or this Amended Decree and the Settling Defendants and the Village retain the right to controvert in any subsequent proceedings, other than proceedings for the purpose of implementing or enforcing this Amended Decree, the validity of the facts, allegations or determinations contained in this Amended Decree.  Neither this Amended Decree, nor the terms thereof, nor the entry into this Amended Decree, nor performance of the terms thereof, by the Settling Defendants or the Village shall constitute or be construed as an admission, or acknowledgment by the Settling Defendants or the Village of any liability, responsibility or fault with respect to the conditions at or arising from past, present, or future conditions, activities or operations at the Site, or an admission of the violation of any law or waiver of any defenses by any Settling Defendant or the Village.

4.   Except as specifically provided in Paragraph 13, "Matters Addressed in this Amended Decree" means all claims that were or could have been asserted by any Party under any federal, state, local or common law in the Complaint filed by the State against Ametek and Argueso, the Amended Complaint filed by the State against Ametek, Argueso, and Amerchol, the Second Amended Complaint filed by the State against Ametek, Argueso, Amerchol, ITT, Guardair and Marval, the Third-Party Complaint filed by Ametek, the Cross-Claims and Counter-claims filed by or against the Settling Defendants and the Village (a) for response costs

(including claims for response costs under CERCLA), past, present, and future, that have been incurred or will be incurred for the investigation and remediation of the Site, no matter when incurred, or (b) relating to the disposal or alleged disposal of hazardous substances at the Site. "Matters Addressed in the Amended Decree" also means all claims that could have been asserted by the State under any federal, state, local or common law against the Village or the Settling Defendants for (a) response costs (including claims for response costs under CERCLA and Natural Resource Damages), past, present, and future, that have been incurred or will be incurred for the investigation and remediation of the Site, no matter when incurred, or (b) relating to the disposal or alleged disposal of hazardous substances at the Site.

## PAYMENTS

5.  Within forty-five days after the State has provided notice to the Settling Defendants, as provided in Paragraph 19, that this Amended Decree has been approved by the Court (the "Effective Date") the Settling Defendants, except for Amerchol Corporation and M. Argueso & Co., Inc. who have already made the below settlement payments to the State pursuant to the Decree, shall remit to the State the following amounts:

| | |
|---|---|
| AMETEK, INC. | $151,250 |
| M. ARGUESO & CO., INC. | $151,250 |
| AMERCHOL CORPORATION | $50,000 |
| ITT CORPORATION | $27,500 |
| GUARDAIR CORPORATION | $15,000 |
| MARVAL CORPORATION | $25,000 |
| **Total** | **$420,000** |

6. Failure to make any of the payments required in Paragraph 5 in the time period specified therein shall constitute a default. If any of the Settling Defendants defaults under this Amended Decree, the State shall be entitled to a penalty of $5,000 per day from such defaulting Settling Defendant(s), and the defaulting Settling Defendant(s) shall pay attorneys' fees and costs incurred by the State necessary to enforce these provisions, in addition to the payment required under Paragraph 5, plus any interest.

7. The payments being made by the Settling Defendants represent a fair and reasonable contribution by Settling Defendants toward the total response costs that have been incurred by the State.

## COVENANTS NOT TO SUE

8. <u>Covenant Not To Sue Settling Defendants</u>. In consideration of payment by the Settling Defendants of the sums specified in Paragraph 5 of this Amended Decree, and subject to the Reopener and the Reservation of Rights of this Amended Decree, the State and the Village release and covenant not to sue, execute judgment, or take any civil, judicial or administrative action under any federal, state, local or common law (other than enforcement of this Amended Decree) against any of the Settling Defendants, or their affiliates, subsidiaries, related entities, predecessors, successors and assigns, and their past, present and future employees, officers and directors, for any matter arising out of or relating to the Matters Addressed by this Amended Decree, including without limitation, any such claims or causes of action for costs, damages, enforcement costs, interest, contribution or attorneys' fees.

9.  **Covenant Not To Sue By the Settling Defendants.** Each Settling Defendant releases and covenants not to sue, execute judgment, or take any civil, judicial or administrative action under any federal, state, local or common law against the State or the Village, or their employees or departments, or against any other Settling Defendant, or its affiliates, subsidiaries, related entities, predecessors, successors or assigns, or their employees, officers or directors, or to seek against them any costs, damages, contribution or attorneys' fees arising out of any Matters Addressed by this Amended Decree; provided, however that if the State pursuant to the Reopener or the Reservation of Rights of this Amended Decree, asserts a claim or commences or continues a cause of action against a Settling Defendant with respect to the Site, other than to enforce the obligations contained in this Amended Decree, this paragraph 9 shall not preclude the assertion by such Settling Defendant of any claims, counterclaims, defenses, or other causes of action against the State or the Village, or any other Settling Defendant, but only to the same extent and for the same matters, transactions, or occurrences as are raised in the claims or causes of action of the State, the Village or any other Settling Defendant. Notwithstanding the foregoing, any Settling Defendant may assert any claims or causes of action against any person other than the State, the Village or another Settling Defendant or parties related to them, to the extent permitted by law, for any costs, damages, contribution or attorney's fees arising out of any Matters Addressed by this Amended Decree.

## REOPENERS

10.  Notwithstanding any other provision of this Amended Decree and any release, discharge or covenant not to sue that Settling Defendants may receive from the State, the State reserves, and this Amended Decree is without prejudice to, the right to institute proceedings

seeking to compel Settling Defendants: (a) to perform further response actions relating to the Site, or (b) to reimburse the State for additional costs of response, in either case only if:

> (i) conditions at the Site previously unknown to the State, are discovered after the Effective Date, or
>
> (ii) information in whole or in part previously unknown to the State, is received after the Effective Date,

and these previously unknown conditions or information together with any other relevant information indicates that the Response Measures selected for the Site are not protective of human health or the environment. For purposes of this Reopener, previously known conditions at the Site and previously known information include all conditions and information known to the State as of the Effective Date including, but not limited to, all conditions identified and information contained or submitted for inclusion in the Administrative Record, attached as Exhibit A to the Record of Decision (ROD) for the Site, or in the files and records of the NYSDEC.

## MATTERS ADDRESSED AND RESERVATION OF RIGHTS

11. Except as specifically reserved in Paragraphs 10 and 13 of this Amended Decree, the Parties are settling all claims against one another for the Matters Addressed by this Amended Decree as defined in Paragraph 4.

12. Settling Defendants believe that the amounts paid pursuant to this Amended Decree constitute more than their fair share of the total past response costs that have been incurred by the State and the Village, and reserve the right to assert claims for contribution against any person other than another Settling Defendant, the State or the Village under sections

9

107 and 113(f)(1) or (3) of CERCLA, 42 U.S.C. §§ 9607 and 9613(f)(1) or (3), to the extent provided by law, as well as under state or common law.

13. "Matters Addressed in this Amended Decree" do not include claims that were or could have been asserted under any federal, state, local or common law against any person, firm, corporation, or other entity other than the Settling Defendants or the Village. The State, the Village and the Settling Defendants reserve all of their rights to bring any action or proceeding against any person, firm, corporation, or other entity other than Settling Defendants or the Village, or their affiliates, subsidiaries, related entities, predecessors, successors and assigns, and their past, present and future employees, officers and directors.

## CONTRIBUTION PROTECTION

14. By entering into this Amended Decree the Settling Defendants and the Village, and their affiliates, subsidiaries, related entities, predecessors, successors and assigns, and their Boards, commissioners, executive directors and elected officials, officers, directors, agents, and employees, past, present and future, are entitled to the full extent of protection from contribution actions or claims provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), and/or any other applicable federal or state law, for the Matters Addressed by this Decree. Once entered, this Amended Decree shall constitute a judicially approved settlement for purposes of CERCLA section 113(f)(3)(B), 42 U.S.C. § 9613(f)(3)(B).

## EFFECTIVE DATE

15. This Amended Decree shall be effective upon the date that the Court enters this Amended Decree. All times for performance of activities under this Amended Decree shall be

calculated from that date. Notice of the Effective Date shall be sent by electronic mail to the Settling Defendants and the Village as provided in Paragraph 19 hereof.

## MISCELLANEOUS PROVISIONS

16. All payments required to be made pursuant to Paragraph 5 shall be made by wire transfer or by certified or cashier's check payable to the "State of New York" and delivered to or as directed by:

> Pedro Medina, Esq.
> Assistant Attorney General
> New York State Department of Law
> Environmental Protection Bureau
> 120 Broadway, 26th Floor
> New York, New York 10271

17. Nothing in this Amended Decree shall inure to the benefit of any other person or entity not a party to this Amended Decree.

18. This Amended Decree may not be modified except by express written agreement of all the Parties and the approval of the Court.

19. Any notification to the Village and the Settling Defendants shall be in writing delivered by hand, by Federal Express, United Postal Service, or similar overnight carrier, or by electronic mail and shall be deemed properly given if sent to the following, or to such other person as the Village and the Settling Defendants may designate by written notice to the State:

> As to Ametek, Inc.
>
> Andrew E. Skroback, Esq.
> Stroock & Stroock & Lavan LLP
> 180 Maiden Lane
> New York, NY 10038
> (212) 806-6446
> askroback@stroock.com

As to M. Argueso & Co., Inc.

Phillip C. Landrigan, Esq.
McCarthy Fingar LLP
11 Martine Avenue, 12th Floor
White Plains, NY 10606-1934
914-385-1030
plandrigan@mccarthyfingar.com

As to Amerchol Corporation

Carol Lee Dudnick, Esq.
Paul, Hastings, Janofsky & Walker LLP
75 East 55 Street
New York, NY 10022
(212) 318-6262
caroldudnick@paulhastings.com

As to the Village of Mamaroneck

Katherine Zalantis, Esq.
Silverberg Zalantis LLP
3 Barker Avenue, Suite 180
White Plains, New York 10601
(914) 682-0707
zalantis@szlawfirm.net

As to ITT Corporation

Michael W. Peters, Esq.
Peters & Hoggan, LLP
90 State Street, Suite 1029
Albany, New York 12207
(518) 641-0401
mpeters@petershoggan.com

As to Guardair Corporation

Stephen J. Riccardulli, Esq.
McDermott Will & Emery
340 Madison Avenue
New York, New York 10173
(212) 547-5579
sriccardulli@mwe.com

As to Marval Industries, Inc.

Paul Callan, Esq.
Callan, Koster, Brady & Brennan, LLP
One Whitehall Street
New York, New York 10004
(212) 248-8800
pcallan@ckbblaw.com

20. The Parties to this Amended Decree agree to be bound by the terms of this Amended Decree and agree not to contest its validity in any subsequent proceeding to implement or enforce its terms.

21. Upon approval by the Court, this Amended Decree shall constitute a final judgment, and the Complaint, Amended Complaint, Second Amended Complaint, and Amended Third Party Complaint shall be dismissed, which dismissal shall be without prejudice to the enforcement of the Amended Decree and the Reopeners.

**ORDERED, ADJUDGED AND DECREED** this 21st day of August, 2008.

_____
United States District Judge
Southern District of New York